**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANGELA STANLEY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**CONOCOPHILLIPS PIPE LINE** )<br>**COMPANY,** )<br>)<br>**Defendant.** )<br>) | No. 05-cv-02277–CM |

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

Plaintiff Angela Stanley brings this negligence action against defendant ConocoPhillips Pipe Line Company. The case is now before the court on Defendant's Motion for Summary Judgment (Doc. 47). Defendant asks this court to find that defendant did not owe plaintiff a duty to warn or a duty to train. Because the facts needed to determine whether defendant owed a duty to warn are disputed, summary judgment is denied on the duty to warn negligence claim. However, because the court has not found any Kansas law creating a duty to train plaintiff in this context, summary judgment is granted on the duty to train negligence claim.

**II. FACTUAL BACKGROUND**[1]

On June 16, 2003, plaintiff Angela Stanley, a Missouri resident, attempted to load fuel

---

[1] The court construes the facts in the light most favorable to plaintiff as the non-moving party pursuant to Fed. R. Civ. P. 56. The parties proposed a number of uncontroverted facts which are not recounted here. The court has included only those facts which are relevant, material, and properly supported by the record.

into her fuel truck at defendant ConocoPhillips Pipe Line Company's fuel loading terminal in Kansas City, Kansas. This process requires use of a fuel loading arm. Typically, fuel loading arms are full and counter-balanced against the weight of the fuel for maneuverability. However, this fuel loading arm was empty. According to plaintiff, the fuel loading arm was unwieldy and injured plaintiff. Plaintiff brought a negligence action against defendant, claiming that defendant failed to warn plaintiff about the empty fuel loading arm, failed to train plaintiff how to use an empty fuel loading arm, and that these failures caused plaintiff's injuries.

### III. STANDARDS FOR JUDGMENT

Summary judgment is appropriate if the moving party demonstrates there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## IV. DISCUSSION

This court's jurisdiction is based on diversity jurisdiction. When acting under diversity jurisdiction, federal courts must apply state law. *Salt Lake Tribune Publ'g Co. v. Mgmt. Planning, Inc.,* 454 F.3d 1128, 1134 (10th Cir. 2006) (citations omitted). Plaintiff's theories of recovery are negligence claims. Under Kansas law, to recover for negligence, plaintiff must show 1) defendant owed plaintiff a duty of care; 2) defendant breached that duty; 3) injury; and 4) the injury suffered resulted from the breach of duty. *Sall v. T's Inc.*, 136 P.3d 471, 475 (Kan. 2006) (citations omitted). Whether defendant owed plaintiff a duty of care is a question of law. *See D. W. v. Bliss*, 112 P.3d 232, 238 (Kan. 2005) (citations omitted). Defendant's motion asserts that it had no duty to warn or to train plaintiff.

### A.     Duty to Warn

Plaintiff argues there is a duty to warn under premises liability. Defendant examines the duty to warn under products liability. Defendant's standard of review is improper. In products liability, manufacturers and "product sellers" have duties to warn. Kan. Stat. Ann. § 60-3305. While

-3-

a product seller is a person "engaged in the business of selling products," the duty to warn only applies if the seller sold or altered the relevant product. Kan. Stat. Ann. § 60-3302(b); *see Simon v. Simon*, 924 P.2d 1255, 1261 (Kan. 1996).

This case is similar to the facts of *Gietzen v. Quiet Thunder Inv., LLC*, No. 88,449, 2003 WL 22053352 (Kan. App. 2003). In *Gietzen*, the plaintiff's car was damaged by a "car washing apparatus" at a self-serve car wash. *Id.* at *1. The Kansas Court of Appeals noted that while the car wash owner sold water, soap, and wax, it was not a products seller relating to the apparatus. *Id.* at *4. Similarly, plaintiff is alleging that the fuel loading arm caused her injury. Although defendant sold fuel, it was not selling the loading arm itself. Defendant was not a product seller. Defendant did not manufacture the loading arm. Consequently, the court rejects products liability as the scale on which to weigh defendant's duty to warn.

Defendant contends that premises liability analysis is incorrect because "[a] theory based upon a negligent failure to warn of a 'dangerous condition' is distinct from a theory asserting that one failed to keep their premises in a reasonably safe condition, which is the basis of premises liability." For this argument, defendant cites *Klose v. Wood Valley Racquet Club*, 975 P.2d 1218, 1224 (Kan. 1999). While a similar statement appears in *Klose*, it was made to distinguish its facts from a New Mexico case. In context, the statement implies the New Mexico Supreme Court considered failing to keep premises in a reasonably safe condition to be the basis of premises liability in that case. *Id.* Moreover, the *Klose* court distinguished its facts from a situation where "a person created a foreseeable peril that was not readily discoverable and failed to warn." *Id.* at 1223 (citations and emphasis omitted). Plaintiff has alleged the distinguished scenario. Thus, the court considers defendant's duty to warn under premises liability.

Although defendant's reply expresses surprise that plaintiff based her duty to warn claim

-4-

in premises liability, this District considers it "well settled Kansas Law that a proprietor must warn invitees of dangerous conditions on the premises which are known . . . by the proprietor." *Napell v. Aten Dep't Store, Inc.*, 115 F. Supp. 2d 1275, 1280 (D. Kan. 2000) (citations omitted). This duty is premised on the proprietor's "superior knowledge" of the dangerous condition. *Jiffy Mkts., Inc. v. Vogel*, 340 F.2d 495, 498 (8th Cir. 1965) (citing *Little v. Butner*, 348 P.2d 1022 (Kan. 1960)). Thus, whether a duty to warn exists hinges on whether the dangerous condition is latent and unexpected, which would create a duty, or if the condition is obvious and anticipated, which would not create a duty. *Fisher v. Sears, Roebuck & Co.*, 485 P.2d 1309, 1313 (Kan. 1971). Whether conditions are dangerous and expected is a question of fact. *S. ex rel S. v. McCarter*, 119 P.3d 1, 14–15 (Kan. 2005) (citing *Nero v. Kan. State Univ.*, 861 P.2d 768 (Kan. 1993)).

To determine whether defendant owed a duty to warn plaintiff of the empty fuel loading arm, it is necessary to know 1) whether the empty fuel loading arm was a dangerous condition and 2) whether its potential dangers were latent or obvious. These facts are controverted and must be decided by the trier of fact at trial. Summary judgment is denied on plaintiff's duty to warn negligence claim.

**B.      Duty to Train**

Kansas recognizes duty to train negligence claims. *See Hendrix v. Phillips Petroleum Co.*, 453 P.2d 486, 496 (Kan. 1969). The duty is to instruct and provide enough information "as is reasonable under the circumstances" so that a person may take "appropriate action." *Id.* This duty typically exists in employer relationships. *E.g. id.* (holding that a manufacturer is under a duty to instruct a distributor); *Dauffenbach v. City of Wichita*, 667 P.2d 380, 384 (Kan. 1983). However, this duty does not require an employer to teach an employee fundamentals of the employment. *See Hall v. Kan. Farm Bureau*, 50 P.3d 495, 506 (Kan. 2002) ("Kansas courts do not recognize an

employer's duty to tell an employee . . . how to maintain his employment."). The court is not aware of any Kansas case finding a duty to train outside of a business relationship.

Plaintiff claims she is not an employee or an agent of defendant. In plaintiff's argument supporting her duty to train claim, she states that she was an invitee. Notably, plaintiff does not provide the court with any case in her "Failure to train" section that holds the duty to train claims cover invitees. Instead, she reasserts the obligations of a land owner under premises liability and then notes that "a simple way to protect those entering one's property and using one's potentially dangerous equipment is to educate them on the dangers of such equipment." This is no different from the duty to warn because a warning may include such education. *See* Webster's New Collegiate Dictionary 1320 (5th ed. 1977) (defining "warn" to include "to give admonishing advice"). Thus, plaintiff failed to establish that defendant owed a legal duty to train her. Finding no legal duty, defendant's motion for summary judgment on plaintiff's negligent failure to train claim is granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 47) is denied in part and granted in part. Summary judgment is denied on plaintiff's duty to warn negligence claim. Summary judgment is granted on plaintiff's duty to train negligence claim.

Dated this 12th day of September 2006, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**